NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN M. HALL, ADMINISTRATOR OF THE ESTATE OF DANIEL J. HALL, JR., <br><br> Plaintiff, <br> v. <br><br> CENTRAL LOAN ADMINISITRATION AND REPORTING, <br><br> Defendant. | Civil Action No. 22-04876 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court by way of a Motion to Dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendant Cenlar FSB[1] ("Defendant"). (ECF No. 3.) Plaintiff Carolyn M. Hall, proceeding *pro se*, did not oppose Defendant's Motion to Dismiss.[2] (*See* ECF No. 4.) The Court has carefully considered Defendant's submission and decides the motion without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 3).

---

[1]   Plaintiff apparently misidentifies and misnames Defendant in the Complaint as "Cenlar Central Loan Administration and Reporting." (*See generally* ECF No. 1.) However, Defendant asserts that its proper name is Cenlar FSB. (ECF No. 3-1 at 5.)

[2]   Pursuant to the Court's text order on December 7, 2022, Plaintiff failed to timely oppose Defendant's motion. (ECF No. 4.) The Court provided Plaintiff an extension to oppose the motion until December 21, 2022, and notified Plaintiff that if she failed to file an opposition by this date, then the motion would be "considered unopposed" and "decided on the papers." (*Id.*)

## I. BACKGROUND

According to the Complaint, this matter arises from the administration of a will. (*See generally* ECF No. 1, Ex. A at 5[3].) Plaintiff serves as the administrator of the Estate of Daniel J. Hall Jr. (the "Estate"). (*Id.*) Plaintiff alleges that the Estate was closed by the Clerk of the Court in the General Court of Justice, Superior Court Division, Guilford County, State of North Carolina on February 27, 2014, and any claims against the Estate were barred from recovery following this date. (*Id.*) Plaintiff alleges that Defendant wrongfully continued to collect mortgage payments for nine years after the Estate was probated, that Defendant changed the loan account number of the Estate to a number not found on the Deed of Trust or the Subordinated Deed of Trust, and that Defendant changed parts of the name on the loan account documents to omit the word "Estate," which Plaintiff alleges is tantamount to identity theft. (*Id.* at 2, 3.)

Plaintiff filed the Complaint on or about July 15, 2022 in the Superior Court of New Jersey, Mercer County, Law Division. (*Id.* at 1.) Defendant removed the case to this Court on August 3, 2022. (ECF No. 1.)

## II. LEGAL STANDARD

On a Rule 12(b)(6) motion for failure to state a claim, "a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

A district court evaluating a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bell Atlantic*

---

[3] Citations to page numbers within record documents (i.e., "ECF Nos.") typically refers to the page numbers stamped on the document by the Court's e-filing system.

*Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions[.]'"). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).

As noted above, Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Attorney General of the United States*, 655 F.3d 333, 339 (3d. Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing Fed. R. Civ. P. 8(f)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### III. DISCUSSION

Defendant advances three arguments why the Complaint should be dismissed: (1) the *Colorado River* abstention doctrine precludes Plaintiff from bringing her claims in this Court; (2) the underlying mortgage debt was not barred under North Carolina law; and (3) Plaintiff fails to state a claim for identity theft or fraud. (*See generally* ECF No. 3.) The Court will address the arguments in turn.

#### A. *Colorado River* Abstention Doctrine

First, Defendant argues that this Court should dismiss Plaintiff's Complaint because Plaintiff filed the same action in North Carolina state court. (ECF No. 3-1 at 7.) The *Colorado River* abstention doctrine, arising from *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976), "allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). The threshold question is whether a parallel state proceeding raises "substantially identical claims [and] nearly identical allegations and issues." *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 136 (3d Cir. 2009) (citing *Yang v. Tsui*, 416 F.3d 199, 204 n. 5 (3d Cir.2005)). If it does, then the Court must apply a multi-factor test to determine if "extraordinary circumstances" are present that warrant abstention. *Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 308. To determine whether this action presents "extraordinary circumstances," the Court considers these six factors:

> (1) [] which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.
>
> [*Id.*]

As a threshold matter, within Plaintiff's Civil Case Information Statement, Plaintiff admits she filed a parallel state proceeding in North Carolina. (ECF No. 1, Ex. A at 9.) Specifically, Plaintiff states in an attachment to the Complaint that she had the North Carolina state court case reopened "to resolve nine years of violations of the Court Order bar of collection from deceased Estate by [Defendant]. (*Id.*)

Nevertheless, other than a single-paged, barebones filing from the State of North Carolina, General Court of Justice, Superior Court, Guilford County, indicating that Plaintiff originally filed a civil suit related to the Estate of Daniel James Hall Jr. on February 5, 2013, and reopened on March 29, 2022, Defendant has not provided any documents related to the North Carolina action. Thus, this Court is unable to conduct a full analysis of the *Colorado River* abstention doctrine to determine whether the North Carolina litigation raises substantially identical claims and nearly identical allegations and issues. Therefore, the Court cannot grant Defendant's Motion on this ground at this time. (*Id.* at Ex. A at 6.) As such, the Court will not abstain from hearing this case under the *Colorado River* abstention doctrine.

### B. Underlying Mortgage Debt

Next, Defendant argues that Plaintiff's Complaint should be dismissed because the underlying mortgage debt that Plaintiff alleges Defendant continued to collect on was permitted under North Carolina law. (ECF No. 3-1 at 9.) Specifically, Plaintiff's claims all focus on the same alleged underlying conduct: Defendant continued to collect mortgage payments from the Estate without submitting a claim against the Estate.

Plaintiff does not state which statute or rule her claim against Defendant arises under for the alleged wrongful conduct of continuing to collect on the mortgage. Instead, Defendant directs the Court to North Carolina's non-claim statute, N.C.G.S.A. § 28A-19-3(a), which states:

5

> All claims against a decedent's estate which arose before the death of the decedent, except contingent claims based on any warranty made in connection with the conveyance of real estate and claims of the United States and tax claims of the State of North Carolina and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, secured or unsecured, founded on contract, tort, or other legal basis, which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1(a) or in those cases requiring the delivery or mailing of notice as provided for in G.S. 28A-14-1(b), within 90 days after the date of the delivery or mailing of the notice if the expiration of said 90-day period is later than the date specified in the general notice to creditors, are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent.

N.C.G.S.A. § 28A-19-3 "works to limit the time in which a claimant may bring suit against a decedent's estate." *Wells Fargo Bank, N.A. v. Coleman*, 768 S.E.2d 604, 610 (N.C. Ct. App. 2015); *see also Azalea Garden Bd. & Care, Inc. v. Vanhoy*, 675 S.E. 2d 122, 129 (N.C. Ct. App. 2009).

That said, N.C.G.S.A. § 28A-19-3(g) also states: "[n]othing in this section affects or prevents any action or proceeding to enforce any mortgage, deed of trust, pledge, lien (including judgment lien), or other security interest upon any property of the decedent's estate[.]"

Defendant argues that Plaintiff's claim that Defendant wrongfully continued to collect mortgage payments from the Estate despite not submitting a claim against the Estate fails as a matter of law. (ECF No. 3-1 at 9.) Specifically, Defendant argues that N.C.G.S.A. § 28A-19-3 does not provide a basis for a claim as the "non-claim statute serves only as a defense to time-barred claims against an estate" as opposed to creating a private cause of action. (ECF No. 3-1 at 11 (citing *Azalea Garden*, 675 S.E.2d at 130.) While *Azalea* casts doubt on whether a private right of action exists under N.C.G.S.A. § 28A-19-3, *Azalea* only discusses the statute from an affirmative defense perspective. *See generally id.* Moreover, Plaintiff did not cite N.C.G.S.A. §

6

28A-19-3 as the basis for her claim nor does the statute provide that Plaintiff cannot maintain any cause of action for Defendant wrongfully continuing to collect on the mortgage. Additionally, Defendant continuing to collect on the mortgage does not appear to be an "action or proceeding to enforce" a mortgage that would invoke the statute's exception under N.C.G.S.A. § 28A-19-3(g). Indeed, Defendant acknowledges that "Cenlar did nothing wrong by continuing to collect mortgage payments from the Estate of Daniel James Hall, Jr. despite not submitting a claim against the Estate." (ECF No 3-1 at 11.)

For these reasons, the Court denies Defendant's Motion to Dismiss as applied to Plaintiff's claim that Defendant wrongfully continued to collect mortgage payments without filing a claim with the Estate.

**C. Identity Theft or Fraud**

As Defendant notes, it is unclear whether Plaintiff is pursuing her identity theft claim under New Jersey or North Carolina law. Regardless, New Jersey and North Carolina identity theft laws are similar, and both provide a private right of action if the plaintiff can show criminal identity theft. *See* N.C.G.S.A. § 1-539.2C; N.J.S.A. § 2C:21-17.4(a). Additionally, a plaintiff must allege that the defendant impersonated the plaintiff by using the plaintiff's personal identifying information. *Livingstone v. Hugo Boss Store, Atl. City, NJ*, Civ. No. 21-0197, 2021 WL 3910149, at *7 (D.N.J. Sept. 1, 2021) (dismissing claim for identity theft with prejudice because plaintiff failed to plead an allegation of criminal identity theft and also failed to make a showing that defendant impersonated him); *Best v. Cequel*, Civ. No. 14-61, 2014 WL 6453960, at *4 (E.D.N.C. Nov. 17, 2014), *aff'd*, 598 F.App'x 178 (4th Cir. 2015) (same). Since Plaintiff fails to allege that Defendant violated the relevant criminal identity theft statutes, the Court must dismiss Plaintiff's claim for identity theft.

Plaintiff also appears to assert a fraud claim. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake[,]" which is a higher pleading standard than typical claims under Rule 8. *Iqbal*, 556 U.S. at 686. "In general, Rule 9(b) requires that a complaint allege the 'who, what, when, where and how of the events at issue.'" *Reckitt Benckiser LLC v. Cotiviti, LLC*, Civ. No. 16-729, 2016 WL 5791410, at *3 (D.N.J. Oct. 3, 2016) (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006)); *see also GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 239 (3d Cir.2004) (noting that Rule 9(b) requires "the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue").

New Jersey and North Carolina maintain similar elements for a fraud cause of action as well. *See Grasso Foods, Inc. v. Entex Techs., Inc.*, Civ. No. 21-17788, 2022 WL 2046936, at *8 n.6 (D.N.J. June 7, 2022) (noting that New Jersey and North Carolina have similar elements under a fraud claim). The elements for fraud under North Carolina law are: "(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Aetna Health Inc. v. Carolina Analgesic, Inc.*, Civ. No. 13-7202, 2016 WL 6122929, at *5 (D.N.J. Oct. 19, 2016) (citing *Cobb v. Pennsylvania Life Ins. Co.*, 715 S.E.2d 541, 549 (N.C. Ct. App. 2011)). Plaintiff's key allegations underlying the fraud claim are that Defendant continued to collect mortgage payments without submitting a claim, Defendant changed the account number on the loan, and Defendant removed the word "Estate" from the name on the loan documents. (ECF No. 1 at 6-7.) However, Plaintiff fails to plead her fraud allegation with particularity (*i.e.,* the who, what, when, where, and how). *See, e.g., Chazanow v. Sussex Bank*, Civ. No. 11-1094, 2012 WL 870327, at *2 (D.N.J. Mar. 13, 2012) (dismissing second amended complaint because the plaintiff did not allege

8

the required "who, what, when, where and how" to properly plead a fraud claim). Here, Plaintiff fails to plead the specifics regarding: Defendant's alleged false representations or Defendant's alleged concealment of material facts; how Defendant's conduct was reasonably calculated to deceive her; how Defendant intended to deceive her; how Plaintiff was in fact deceived; and that she suffered damage because of Defendant's conduct. As a result, Plaintiff's claims for identity theft and fraud are dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 3). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days to the extent Plaintiff can cure the deficiencies set forth herein.

Date: June 30, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**