**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CAROLYN M. HALL,** | **Civil Action No. 22-4876 (GC) (TJB)** |
| **Plaintiff,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **CENTRAL LOAN ADMINISTRATION AND REPORTING** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court *sua sponte* based on Plaintiff's, Carolyn M. Hall, Administrator of the Estate of Daniel J. Hall, Jr. ("Plaintiff" or "Ms. Hall"), failure to prosecute this matter as well as her failure to comply with both this Court's Ordering Scheduling Conference ("Scheduling Order') (Docket Entry No. 10), which required Ms. Hall to appearing and participate in an Initial Conference pursuant to FED.R.CIV.P. ("Rule") 16, as well as its Letter Order to Show Cause of December 1, 2023 (Docket Entry No. 11), which required Ms. Hall to submit a written explanation by December 19, 2023, regarding her failure to participate in the Rule 16 Conference, and to appear in person on January 8, 2024, to show cause why sanctions, including the dismissal of Ms. Hall's Complaint with prejudice, should not be imposed in light of her failure to comply with the Court's Orders. For the reasons set forth below, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

## I.    Background and Procedural History

Ms. Hall initiated suit against Defendant, Central Loan Administration and Reporting ("Central Loan"), by filing a Complaint in the Superior Court of New Jersey, Mercer County, Law Division, on or about July 15, 2022. (*See* Ex. A to Notice of Removal; Docket Entry No. 1). On

August 3, 2022, Central Loan removed the matter to this Court. (*See* Notice of Removal; Docket Entry No. 1). On August 30, 2022, Central Loan filed a motion to dismiss Plaintiff's Complaint. (Docket Entry No. 3). Via a Text Order entered on December 7, 2022, the District Court noted that Plaintiff had not opposed Central Loan's motion. Even though the time to file an opposition passed, the District Court, *sua sponte*, extended Plaintiff's time to oppose Central Hall's motion until December 21, 2022, and cautioned Plaintiff that "[i]f the Court is not in receipt of opposition at that time, the Motion will be considered unopposed and will be decided on the papers." Docket Entry No. 4. Ms. Hall did not avail herself of the opportunity to oppose Central Loan's motion to dismiss.

As a result, the District Court considered the motion unopposed and on the papers. On June 30, 2023, the District Court entered a Memorandum Opinion and Order, granting Central Loan's motion to dismiss as to any claim for identity theft or fraud, and denying the motion with respect to Ms. Hall's claim alleging that Central Loan wrongfully continued to collect under the mortgage without filing a claim with the Estate. *See, generally,* Docket Entry Nos. 6 and 7. As the aforementioned dismissal was without prejudice the District Court also provided Ms. Hall with an opportunity to file an Amended Complaint within 30 days of the date of the entry of the District Court's Order on Central Loan's motion to dismiss. *Id*. Despite being given the opportunity to amend, Ms. Hall elected not to do so. As a result, on October 2, 2023, the Court entered a Text Order, noting that Ms. Hall's "original claim that Defendant wrongfully continued to collect under the mortgage without filing a claim with the Estate remains pending" and directing Central Loan "to file an Answer or other appropriate response to Plaintiff's remaining claim no later than October 13, 2023." Docket Entry No. 8. Central Loan filed an Answer on October 3, 2023. (Docket Entry No. 9).

Immediately upon the Answer being filed, the Court entered an Order scheduling the Rule 16 conference for November 30, 2023. Order of 10/4/2023; Docket Entry No. 10. According to the Order, the parties were directed to appear in person in Courtroom 6E, Trenton, New Jersey on November 30, 2023 at 2:30 p.m. for the Rule 16 conference. Further, in advance of the conference, the parties, Ms. Hall and counsel for Central Loan, were directed to confer and submit a joint discovery plan at least three weeks prior to the conference. *Id*.

The Court received a facsimile from Ms. Hall on October 16, 2023, attaching a "Certification of Good Cause," in which Ms. Hall indicated that she would not be attending the Rule 16 conference set for November 30, 2023. (Ex. A to Letter Order to Show Cause of 12/1/2023; Docket Entry No. 11). The Court, however, did not excuse Ms. Hall's participation in the Rule 16 conference or in the creation of the joint discovery plan. Instead, the Rule 16 conference remained calendared as set forth in the Court's Scheduling Order of October 4, 2023. Despite the instructions set forth in the Court's Order, Ms Hall refused to participate in the creation of a joint discovery plan, though counsel for Central Loan attempted to reach her. Further, Ms. Hall failed to join the conference on November 30, 2023. While, initially, the Rule 16 conference was set to take place in person, the Court subsequently converted it into a telephone conference. Plaintiff never joined the call. The Court attempted to call Plaintiff at the number listed on the docket but was unable to reach her. The Court also stayed on the conference line for 20 minutes waiting for Plaintiff to join, but Plaintiff never joined.

In light of Ms. Hall's failure to comply with the terms of the Court's Scheduling Order, on December 1, 2023, the Court entered a Letter Order to Show Cause, which required Ms. Hall to both appear in person on January 8, 2024 to show cause why her case should not be dismissed with prejudice and to submit a written statement by December 19, 2023, explaining why she failed to

participate in the Rule 16 conference and why sanctions, including the dismissal of her Complaint

with prejudice, should not be imposed. Docket Entry No. 11. Ms. Hall failed to comply with the

Court's Letter Order to Show Cause. She neither submitted the required written statement nor did

she appear as directed on January 8, 2024.

Accordingly, pursuant to the Court's Letter Order to Show Cause and given Ms. Hall's

failure to comply with same, the Court now considers whether Ms. Hall's Complaint should be

dismissed with prejudice.  For the reasons set forth below, the Court recommends that Ms. Hall's

Complaint be dismissed with prejudice.

## II.     <u>Analysis</u>

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to

provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b).

Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.  Generally, in

determining whether to impose an involuntary order of dismissal with prejudice, the Court

considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d, 863, 868 (3d Cir.

1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the
> prejudice to the adversary caused by the plaintiff's conduct; (3) the
> history of dilatoriness; (4) whether the conduct of the party or the
> attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative
> sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the

factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*,

850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may

dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure

4

41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Ms. Hall's Complaint with prejudice.  For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Ms. Hall's Comaplint with prejudice:

1. **Plaintiff's Personal Responsibility:**  Despite being afforded ample opportunity, Ms. Hall has repeatedly failed to respond to the Court's Orders and contact the Court or defense. Perhaps most notably, Ms. Hall failed to respond to the Letter Order to Show Cause entered by the Court.  Such responsibility belongs to Ms. Hall alone.   As such, the Court finds this factor weighs in favor of the dismissal of Ms. Hall's Complaint with prejudice.

2. **Prejudice to Defendants:**  Central Loan has been prejudiced by Ms. Hall's failure to prosecute this matter and comply with this Court's Orders.  By failing to comply with this Court's Orders, Ms. Hall has abandoned her duty to prosecute this case and bring it to resolution.  It is unjust that this case, which Ms. Hall initiated, has remained stagnant for over 3 months due to Ms. Hall's personal abdication of her duty to comply with the Court's Orders and prosecute this matter.  Under these circumstances, Central Loan cannot fairly defend this case.  The Court finds that this prejudice, which was caused by Ms. Hall's failure to do that which was required of her, supports the dismissal of her Complaint with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Ms. Hall has a history of dilatoriness. Extensive or repeated delay or delinquency constitutes a history of dilatoriness. *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir. 1994). As outlined above, Ms. Hall has failed to comply with or respond to several court Orders, including failing to respond to and comply with the Letter Order to Show Cause entered by this Court. The Court finds that Ms. Hall's history of and continued dilatoriness supports the dismissal of this matter with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Ms. Hall has acted in bad faith, her failure to prosecute this matter establishes that her conduct has been willful. Ms. Hall willfully failed to comply with the Court's Orders. Indeed, she faxed the Court explicitly stating that she did not intend to comply with the Court's Scheduling Order. Further, she willfully failed to respond to and comply with the Letter Order to Show Cause. As a result, this factor further supports the dismissal of Ms. Hall's claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that in light of Ms. Hall's record of unresponsiveness, there is no effective alternative sanction. Ms. Hall's Complaint cannot proceed without her participation, and as explained above, she has failed to participate for many months. Under these circumstances, the Court finds that no lesser sanction than dismissal of Ms. Hall's Complaint with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, the Court finds that there may be merit to Ms. Hall's surviving claim. A claim will be deemed

meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. *Poulis*, 747 F.2d at 869-870. As such, this factor militates against dismissing Ms. Hall's Complaint with prejudice.

When the Court considers all of the *Poulis* factors set forth above, the Court finds that, on balance, they support the dismissal of Ms. Hall's claims with prejudice. Ms. Hall voluntarily filed this case. However, despite having done so, Ms. Hall has failed to take the steps necessary to move this case forward and allow it to come to a resolution. Indeed, despite being given every opportunity to litigate her claim, Ms. Hall has elected to not respond to the Court's Orders, including the Court's Letter Order to Show Cause. As a result, this Court respectfully recommends that Ms. Hall's claims be dismissed with prejudice.

### III.    Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 11th day of March 2024,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Ms. Hall, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court send Ms. Hall a copy of this Report and Recommendation by both Regular Mail and Certified Mail, Return Receipt Requested, at the address listed on the Docket.


s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**